IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **PITTSBURGH INSTITUTE OF AERONAUTICS**, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) 2:07cv1638 ) Electronic Filing |
| **ALLEGHENY COUNTY AIRPORT AUTHORITY, A Political Subdivision of the COMMONWEALTH OF PENNSYLVANIA**, | ) ) ) ) ) |
| Defendant. | ) |

## MEMORANDUM ORDER

AND NOW, this 16th day of June, 2008, upon due consideration of plaintiff's Motion for Remand (Document No. 5) and the parties' submissions in conjunction therewith, IT IS ORDERED that plaintiff's motion be, and the same hereby is, granted and the action is remanded pursuant to 28 U.S.C. § 1447(c) to the Court of Common Pleas of Allegheny County forthwith.

On November 30, 2007, defendant removed this action on the grounds that plaintiff's breach of contract claim "arises under" the Constitution because it turns on the application of federal statutes and regulations, and, in the alternative, defendant is entitled to invoke the "federal officer defense" pursuant to 28 U.S.C. § 1442(a). Defendant's reliance on either ground to establish jurisdiction is misplaced.

It is well settled "that for a civil action to arise under 28 U.S.C. § 1331(a), the 'right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action' and that 'the controversy must be disclosed upon the face of the complaint, unaided by the answer or by the petition for removal.'" Westmoreland Hospital Association v. Blue Cross of Western Pennsylvania, 605 F.2d 119, 122 (3d Cir. 1979) (quoting Gully v. First National Bank, 299 U.S. 109, 112-13 (1936)), accord First National Bank

of Aberdeen v. Aberdeen National Bank, 627 F.2d 843 (8th Cir. 1980) (federal law must be essential element of plaintiff's cause of action to remove on basis of federal question jurisdiction). Here, plaintiff's complaint unequivocally raises a cause of action for common law breach of contract, notwithstanding defendant's attempt to construe the action as turning on whether plaintiff breached a separate contract involving federal law and regulations. Because federal law is not implicated in plaintiff's cause of action, defendant cannot transcend the well pleaded complaint rule by raising a separate breach of contract claim.

It equally is well settled that in order for a court to exercise jurisdiction under § 1442(a) a defendant must establish that (1) it is a "person" within the meaning of the statute; (2) the plaintiff's claims are based upon conduct by the defendant "acting under" a federal office; (3) it raises a colorable federal defense; and (4) there is a casual nexus between the claims and the conduct performed under color of a federal office. Feidt v. Owens Corning Fiberglas Corp., 153 F.3d 124, 127 (3rd Cir. 1998) (citing Mesa v. California, 489 U.S. 121, 129 (1989)). Additionally, a private party invoking § 1442(a)(1) bears the special burden of establishing the official nature of its activities in order to overcome the strong policy reasons against extending the federal officer defense to private individuals. N.J. Dept. of Envtl. Protection v. Exxon Mobile Corp., 381 F.Supp.2d 398, 403 (D.N.J. 2005).

Defendant's contention that it is entitled to invoke the federal officer defense is without merit. Assuming without deciding that the Allegheny Airport Authority is a "person" for purposes of § 1442(a), defendant cannot satisfy the second prong of the test. In order to make a showing that one acted under a federal office, one must unequivocally demonstrate that it performed the activity complained of at the direction of official federal authority and a federal officer had direct and detailed control over the activity. Exxon Mobile Corp., 381 F.Supp.2d at 404. Establishing that the relevant acts occurred under the general auspices of federal direction is insufficient because mere participation in a regulated industry does not prove direct and detailed control. Good v. Armstrong World Indus., 914 F.Supp. 1125, 1128 (E.D.Pa. 1996); Ryan v. Dow

Chemical Co., 781 F.Supp. 934, 947 (E.D.N.Y. 1992).

Defendant has not identified a sound basis from which to conclude that it was acting pursuant to any detailed federal direction. Instead, it asserts that the holdings in Ryan and Teague v. Grand River Dam Authority, 279 F.Supp. 703 (N.D. Okla. 1968), stand for the proposition that action taken pursuant to federal regulation can constitute detailed federal direction. But a careful reading reveals that in each case a federal officer issued direct orders to the defending parties. See Ryan 781 F.Supp. at 950 (The government issued orders subjecting the defendant to criminal sanctions for disobedience.); Teague, 279 F.Supp. at 705 (The Army Corp of Engineers ordered the Grand River Dam Authority to open flood gates.). Here, no such direct order was issued. Because defendant can only demonstrate that it was acting pursuant to general federal regulation, the court lacks jurisdiction under § 1442(a).

                                                  s/ David Stewart Cercone  
                                                  David Stewart Cercone  
                                                  United States District Judge

cc:     John J. Romza, Esquire  
        Covelli Law Offices  
        357 Regis Avenue  
        Suite 1  
        Pittsburgh, PA 15236

        Robert J. Williams, Esquire  
        Schnader, Harrison, Segal & Lewis  
        120 Fifth Avenue  
        Suite 2700  
        Fifth Avenue Place  
        Pittsburgh, PA 15222